The People of the State of Illinois ex rel. Wayne H. Dyer, State's Attorney, Appellee, v. Gertie Clark, Appellant.

Gen. No. 5,961.   (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914. *Certiorari* allowed by Supreme Court.

## Statement of the Case.

Petition filed by the People ex rel. Wayne H. Dyer, State's Attorney of Kankakee County, for an attachment against Gertie Clark and Nellie Clark for con-

tempt of court in keeping a house of ill fame upon certain premises in violation of an injunction. The petition was dismissed as to Nellie Clark, and Gertie Clark was ruled to file a verified answer to the petition or information *instanter*, and she made default. The court adjudged her guilty of wilful contempt of court, and sentenced her to imprisonment in the county jail for forty-five days and fined her two hundred dollars and costs. From the sentence, defendant Gertie Clark appeals.

The case is in all respects, except one, similar in principle to *People v. Clark*, p. 613, *ante*. It relates to a house of ill fame kept in another location.

T. W. SHIELDS, for appellant.

WAYNE H. DYER and JOHN H. BECKERS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 852*—*certificate of evidence construed.* A certificate of evidence reciting that counsel for the respective parties made a stipulation as to a certain matter and this was all the evidence offered on the hearing, construed to mean that the certificate was all the evidence heard except that recited in the order of court.

2. INJUNCTION, § 259*—*conclusiveness of contempt order entered on default.* Where a person attached for contempt for violation of an injunction was defaulted and the averments of the petition confessed on failure to comply with a rule to file a verified answer, he cannot question the sufficiency of the evidence to support the order convicting for contempt.

3. EQUITY, § 461*—*conclusiveness of default decree.* One against whom a decree by default is entered cannot question the sufficiency of the evidence to support it.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.